IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No.  98-cr-00285-MSK-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES CASIMIR BZDEK,

Defendant,

and

US BANK,

Garnishee.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises on the United States' Application for Writ of Continuing Garnishment [Doc. # 39]  and the defendant's request for a hearing on the Writ of Continuing Garnishment served on US Bank, as garnishee.

The defendant pled guilty to bank fraud and aiding and abetting.  He was sentenced to a term of incarceration and to pay criminal restitution in the amount of $61,804.82 and a special assessment of $100.00.  The government alleges, without dispute, that the current balance due from the defendant on these obligations is $36,349.09.  Memorandum [Doc. # 50] at p. 1.

On or about October 3, 2012, US Bank was served with a Writ of Continuing Garnishment [Doc. # 40].  US Bank answered that it is indebted to the defendant in the amount of $16,779.66.  Answer of the Garnishee [Doc. # 44].  The defendant was served with the

Clerk's Notice of Post-Judgment Garnishment and Instructions to Judgment Debtor [Doc. # 41],

and he requested a hearing by letter dated October 10, 2012.  Letter [Doc. # 45].

I set the matter for a hearing to occur on December 5, 2012, at 11:00 a.m.  The United

States provided notice of the hearing to the defendant.  Declaration of Carolyn Dean [Doc. # 53]

at ¶5.  According to Ms. Dean:

> After leaving the hearing, I saw Defendant in the Alfred A. Arraj
> U.S. Courthouse at approximately 11:15 am.  I spoke briefly to
> Defendant.  Defendant agreed that we had spoken by phone on
> December 3, 2012 about the December 5, 2012 hearing.
> Defendant stated that he had erroneously gone to Judge Boland's
> chambers and said "that was my fault."

Id. at ¶9.  The defendant did not appear at the hearing and, contrary to the statement reported by

Ms. Dean, he did not contact my chambers either in person or by telephone.  Nor has the

defendant sought to reset the hearing or any other relief subsequent to the December 5 hearing.

The United States is authorized to enforce an order of restitution in accordance with "the

practices and procedures for the enforcement of a civil judgment under Federal law or State

law," 18 U.S.C. §3613 (a) and (f), including by writ of garnishment issued pursuant to 28 U.S.C.

§ 3205.  Here, there is no claim that the United States failed to comply with the statutory

requirements for a garnishment.

The defendant bears the burden of proving that the property is exempt from garnishment.

28 U.S.C. § 3205(b)(5).  No exemptions are specified in the Letter [Doc. # 45] and  none have

been presented subsequently.  The defendant has failed to meet his burden.

2

I respectfully RECOMMEND:

(1)     The United States' Application for Writ of Continuing Garnishment [Doc. # 39] be GRANTED; and

(2)     An order issue to US Bank requiring that it pay into the Registry of the Court all money held for the benefit of James Casimir Bzdek in checking account x-1377 (stated as approximately $16,779.66 in the Answer of the Garnishee).[1]

Dated December 11, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).